UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YAHAIRA RAMOS )<br>Plaintiff, )<br> )<br>v. )<br> )<br>FOCUS RECEIVABLES )<br>MANAGEMENT, LLC )<br>Defendant. )<br> ) | Civil Action No. 1:13-cv-12941 |

INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Yahaira Ramos, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

PARTIES

2. Plaintiff Yahaira Ramos (hereinafter "Yahaira") is a consumer, a natural person allegedly obligated to pay any debt, and a citizen of the United States of America who presently resides in the following County, in the following state: Essex County, in the state of Massachusetts.

3. Defendant Focus Receivables Management, LLC (hereinafter "Defendant") is a citizen of the United States of America and is a collection agency and foreign corporation engaged in the

business of collecting debt in this state with its principal place of business located in the following County, at the following address: <u>Cobb County</u>, in the state of <u>Georgia</u>.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

5. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

Jurisdiction is asserted pursuant to the following statutory authorities:

6. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

7.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

Case background:

8.  Sometime before November 18, 2013, a debtor who is not the Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5). Defendant continued to contact Plaintiff for an alleged debt that someone else was responsible for.

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then, within one year prior to the filing of this complaint, began contacting Yahaira and placing collection call(s) to Yahaira on her home phone prior to November 18,

2013; seeking and demanding payment for an alleged consumer debt owed under an account number.

12.  Defendant called Yahaira's home phone, within one year prior to the filing of this complaint, on August 16, 2013, and Yahaira told it that she was not the male debtor that it was looking for, that no one living in her residence had the name of the person that Defendant was seeking, and she also gave Defendant the names of all those who lived in her household as proof.  Yahaira gave Defendant reason to know it should not call her home phone number again, yet on September 7, 2013, it did, which upset, harassed, and annoyed her.  This was done without Yahaira's consent, without Defendant or its client having a prior existing business relationship with Yahaira, and without the calls being for emergency purposes; thereby invading Yahaira's privacy.  This conduct was in violation of the FDCPA, namely including, **but not limited to**, violations of 15 U.S.C. §§ 1692b, § 1692c(a)(1), § 1692c(d), § 1692d, § 1692f.  These were communication(s), as defined under 15 U.S.C. § 1692a(2).

13.  The above mentioned conduct by Defendant occurred while Yahaira was a Massachusetts resident.  Yahaira consulted with and sought legal representation, who agreed to represent her and sent Defendant a demand letter dated October 7, 2013 via certified mail on her behalf, for Defendant's violations of state and federal law; in accordance with Massachusetts General Laws Chapter 93A, Section 9, Subsection 3.  This letter was received by Defendant, and is believed to have been ignored by Defendant, as there was no response from Defendant to Plaintiff's legal representative within thirty days of Defendant's receipt of the demand letter.

## SUMMARY

14. All of the above-described collection communications made to Plaintiff Yahaira Ramos by this individual Defendant and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

15. The above-detailed conduct by this Defendant of harassing Yahaira in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

16. As a result of the acts alleged above, Defendant caused Yahaira to become very upset because of the illegal manner in which she was contacted and this alleged debt was collected by this Defendant.

17. Yahaira suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, frustration, upset, amongst other negative emotions.

18. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Yahaira.

## RESPONDEAT SUPERIOR LIABILITY

19.  The acts or omissions of this individual Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff Yahaira Ramos as more further described herein, were committed within the time and space limits of their agency relationship with their principal; Defendant.

20.  The acts and omissions by this individual Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

21.  By committing these acts and omissions against Yahaira, this individual Defendant and these other debt collectors were motivated to benefit their principal; Defendant.

22.  Defendant is therefore liable to Yahaira through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Yahaira.

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

23.  Yahaira repeats, realleges, and incorporates the averments contained in all of the above paragraphs of this complaint as though fully set forth herein.

24. Defendant violated the FDCPA. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Yahaira.

25. Defendant's acts as described above were done intentionally with the purpose of coercing Yahaira to pay the alleged debt.

26. As a result of the foregoing violations of the FDCPA, Defendant is liable to Yahaira for actual damages, statutory damages, and reasonable costs and attorney fees.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

27. Plaintiff Yahaira Ramos repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

29. In enacting the FDCPA, Congress sought to protect the privacy interests of telephone subscribers and consumers, such as Yahaira, and to place restrictions on unconsented telephone calls that are not for emergency purposes that are placed to individuals' home phones for commercial purposes, and by imposing obligations upon debt collectors, such as Defendant, to not continue to place any calls to the home phone of a consumer it does not have a business relationship with, who has told a debt collector such as Defendant not to call, in violation of FCC regulations.

30. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

31. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Yahaira, namely, by unlawfully continuing to attempt to collect an alleged debt from Yahaira, and thereby invaded Yahaira's privacy.

32. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Yahaira, namely, by unlawfully continuing to contact her home phone without invitation and/or her express consent, or it being for emergency purposes, after she gave it reason to know this would be unacceptable, and thereby invaded Yahaira's right to privacy.

33. Defendant and/or its agents intentionally and/or negligently caused emotional harm to Yahaira by engaging in highly offensive conduct in the course of trying to collect on the alleged debt and coerce Yahaira to pay on it, which amounted to conduct to intentionally and maliciously harass, inconvenience, bother, frustrate, agitate, aggravate, and annoy Yahaira, thereby invading and intruding upon Yahaira's right to privacy.

34. Upon information and belief, Defendant and its agents had knowledge of the FDCPA and what is lawful action under it prior to calling Yahaira, yet they continued to contact her in an illegal manner.

35. Yahaira had a reasonable expectation of privacy in Yahaira's solitude, seclusion, private concerns and affairs.

36. The conduct of this Defendant and its agents, in engaging in the above-described illegal debt collection conduct against Yahaira, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

37. All acts of Defendant and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendant is subject to imposition of punitive damages.

38. As a result of such an intrusion and invasion of privacy, Defendant is liable to Yahaira for actual damages in an amount to be determined at trial from Defendant.

39. All acts of Defendants and the employees complained of herein were committed with malice, intent and/or negligence, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

40. Plaintiff Yahaira Ramos incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

41. Defendants employed unfair or deceptive acts to collect the alleged Debt, in violation of M.G.L. c. 93A § 2.

42. Defendant's failed to respond within thirty days to the demand letter that Plaintiff's legal representation sent to it via certified mail, and its failure to comply with the above provisions constitutes an unfair or deceptive act under M.G.L. 93A § 9 and, as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of both the intentional and/or negligent FDCPA violations, and the invasions of Plaintiff's privacy; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A), and double or treble statutory damages pursuant to M.G.L. c. 93A § 9.

C. Punitive damages.

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3), and reasonable attorney's fees pursuant to M.G.L. c. 93A § 9.

E. For such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.** US Const. amend. 7. Fed.R.Civ.P. 38.

Dated: November 15, 2013         RESPECTFULLY SUBMITTED,
                                 Consumer Rights Law Firm, PLLC
                                 By: /s/ Kevin Crick
                                 Kevin Crick, Esq.
                                 Consumer Rights Law Firm, PLLC
                                 231 Sutton St., Suite 1A
                                 North Andover, Massachusetts 01845
                                 Telephone: (978) 420-4747
                                 Fax#1: (978) 409-1846
                                 Email: kevinc@consumerlawfirmcenter.com
                                 Attorney for Plaintiff Yahaira Ramos